# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JACQUIL JOHNSON,** | } |
| Petitioner, | } |
| v. | } Case No.: 2:05-CR-575-RDP-PWG |
| **UNITED STATES OF AMERICA,** | } |
| Respondent. | } |

## MEMORANDUM OF DECISION REGARDING ORDER DENYING REQUEST FOR MODIFICATION IN TERM OF IMPRISONMENT

This case is before the court on *pro se* Petitioner Jacquil Johnson's Request for Modification in Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) filed April 7, 2008. (Doc. #18). Petitioner Johnson files his motion requesting that this court reduce his term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). For the reasons stated herein, the court concludes that Petitioner's request for a reduction in sentence is due to be denied.

**I.      Background**

In May 2007, the U. S. Sentencing Commission ("Sentencing Commission") submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, Amendment 706 (hereinafter referred to as the "Crack Amendment"), represented the Sentencing Commission's attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. *See* United States Sentencing Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007) (the

"2007 Report"); *see also Kimbrough v. United States*, 128 S.Ct. 558, 569 (2007) (describing Commission's amendments to Sentencing Guidelines). In the absence of Congressional action to amend the 100:1 ratio found in the Title 21 statutes, the Sentencing Commission proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table in Guideline § 2D1.1. *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. To App'x C, Amend. 706.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007. In December 2007, following a period of public discussion, the Sentencing Commission voted to apply the Crack Amendment retroactively to cases decided before November 1, 2007. The effective date for retroactive application of the Crack Amendment was March 3, 2008. The Sentencing Commission also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as the "Amended Policy Statement"). Thus, as of March 3, 2008, the Crack Amendment and Amended Policy Statement apply to all relevant sentences, old and new. All of this was accomplished pursuant to the Sentencing Commission's authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

**II.     Analysis**

With that background, the court now turns to the current motion (Doc. #18) filed by Petitioner to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(2). Petitioner's motion seeks relief under the Crack Amendment and the Amended Policy Statement.

The focus of Petitioner's § 3582(c)(2) motion is the 60-month[1] sentence imposed upon him on May 24, 2006 under Count One. On February 24, 2006, Petitioner pled guilty to one count of possession with intent to distribute cocaine base and cocaine hydrochloride in violation of Title 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18 U.S.C. § 924(c)(1)(A)(i). Petitioner was sentenced to the statutory minimum sentence in Count One. Title 21 U.S.C. § 841(a)(1), (b)(1)(B).

The following chart sets forth the application of the Crack Amendment and the Amended Policy Statement to the instant case:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
| --- | --- | --- |
| **Total Offense Level** | 25 | 23 |
| **Criminal History Category** | I | I |
| **Imprisonment Range** | 60 to 71 months | 60 months[2] |

**III. Decision**

Because the Crack Amendment and Amended Policy Statement did not (and could not) have any effect on the statutory minimum penalty set by Congress, this court finds that Petitioner is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G § 1B1.10,

---

[1] Petitioner was sentenced to a term of 60 months as to Count One, plus a 60 month consecutive sentence as to Count Two. U.S.S.G. § 2K2.4(b)

[2] Pursuant to U.S.S.G. § 5G1.1(b), the statutory minimum becomes the guideline range.

comment.(n.1A(ii)).³ Specifically, U.S.S.G § 1B1.10 removes from consideration those defendants who were sentenced to a statutory minimum sentence.⁴

Accordingly, Petitioner's request for modification in term of imprisonment pursuant to Title 18 U.S.C. § 3582(c)(2) is due to be denied. A separate order will be entered in accordance with the court's decision.

## IV.     Notice of Appeal Rights

Should Petitioner consider an appeal of the court's decision, a § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten (10) days from the entry of the judgment or order being appealed. *See, United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i). If Petitioner was represented by appointed counsel at trial or on appeal, Petitioner is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If Petitioner was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, Petitioner should file an application

---

³U.S.S.G. § 1B1.10(a)(2)(B) states as follows: "Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

⁴U.S.S.G. § 1B1.10, comment.(n.1.(A)(ii)) states as follows: "Eligibility. – Eligibility for consideration . . . is triggered only by an amendment . . . that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized . . . if (ii) an amendment is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a **statutory mandatory minimum term of imprisonment**)." (Emphasis added).

to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files his notice of appeal from the denial of the § 3582(c)(2) motion. The Clerk is **DIRECTED** to provide Petitioner with an application to proceed *in forma pauperis* form.

    **DONE** and **ORDERED** this ____6th____ day of November, 2008.

                                                 **R. DAVID PROCTOR**
                                                 UNITED STATES DISTRICT JUDGE